■ AARON J. ORTNER, Respondent, v. BENJAMIN H. BOOTH, Respondent, and SOL KITAIN et al., Appellants. (Action No. 1.) SOL KITAIN et al., Appellants, v. ARTHUR J. ORTNER et al., Respondents. (Action No. 2.) — Order, entered February 10, 1964, consolidating motions, adding party defendants, amending the summons and complaint, providing for issuance of supplemental summons and service thereof with amended complaint, providing for answer, removing action and consolidating actions, providing for transfer of papers by Clerk, and, in Action No. 1, dismissing the first defense and counterclaim and fifth defense of defendants Kitain and Surrey Sleep Products, Inc., unanimously modified, on the law, with $20 costs and disbursements to defendants-appellants, to eliminate the penultimate (eleventh) ordering paragraph and to deny the cross motion of plaintiff in Action No. 1 to dismiss pursuant to 3211 of the Civil Practice Law and Rules the first defense and counterclaim of defendants Kitain and Surrey Sleep Products, Inc., with costs of the cross motion. Since the checks were dated November 29, 1957 and were to be delivered simultaneously with the execution of the agreements, there is an issue of fact whether the agreements were executed and made on the date they recite, namely, November 8, 1957. Moreover, the defense arose and the counterclaim accrued at the time of the damage caused by the duress, which is alleged to be the execution of the agreements and payment of moneys thereunder (see 2 Carmody-Wait, New York Practice, § 94, p. 266). Even if this occurred on November 8, 1957, the Statute of Limitations had not run against the defense and counterclaim since the complaint was served on November 6, 1963, less than six years from accrual (CPLR 203, subd. [c]; 213; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.24). Settle order on notice. Concur — Breitel, J. P., McNally, Stevens, Eager and Steuer, JJ.